# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

---

## No. 00-3884

---

In the Matter of:

Oak Grove Farm,

               Debtor

-----------------------------------

OAK GROVE FARM LIMITED PARTNERSHIP,

        Plaintiff - Appellee,

        versus

CONAGRA, INC., a Delaware Corp.,

        Defendant - Appellant.

*Appeal from the United States District Court For the District of Nebraska.*

*[UNPUBLISHED]*

---

Submitted: June 13, 2001
Filed: June 29, 2001

---

Before WOLLMAN, Chief Judge, BOWMAN and HAMILTON,[1] Circuit Judges.

---

PER CURIAM.

On or about August 29, 1994, Oak Grove Farms Limited Partnership (Oak Grove) and ConAgra, Inc. (ConAgra) entered into a "Hog Purchase Contract" (the Contract). (J.A. 13, 49). Under the Contract, Oak Grove agreed to sell and ConAgra agreed to buy hogs at certain prices and in certain quantities as specified in the

---

[1]The Honorable Clyde H. Hamilton, United States Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

Contract.  On November 5, 1999, Oak Grove filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Nebraska.

On December 21, 1999, Oak Grove filed an adversary complaint against ConAgra in the bankruptcy court.  The adversary complaint was amended on January 5, 2000.  In its amended adversary complaint, Oak Grove asserted two claims against ConAgra, one for breach of contract, the other for restraint of trade under Nebraska Revised Statute § 59-805.[2]  The amended adversary complaint sought damages in excess of $2,000,000.

On January 19, 2000, ConAgra moved to withdraw the adversary complaint to the United States District Court for the District of Nebraska.  On April 3, 2000, the bankruptcy court issued a report and recommendation, recommending the withdrawal of the action.  On April 24, 2000, the district court adopted the bankruptcy court's report and recommendation, and the case was withdrawn to the district court.

On May 10, 2000, ConAgra filed an answer to the breach of contract claim and a motion to dismiss the restraint of trade claim.  Following briefing on the motion, the district court denied ConAgra's motion to dismiss the restraint of trade claim.

On June 14, 2000, Oak Grove served its initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).  On July 21, 2000, ConAgra served upon Oak Grove interrogatories and a request for production of documents.  Oak Grove requested an extension of time to respond to ConAgra's discovery requests, and ConAgra agreed to an extension to September 15, 2000.

---

[2]The breach of contract claim was premised on the allegation that ConAgra unilaterally changed the manner in which the market price of hogs was computed under the Contract and unilaterally changed the manner in which other price variables were computed under the Contract.  The restraint of trade claim was premised on the allegation that ConAgra entered into the Contract for the purpose of driving Oak Grove out of business.

On August 8, 2000, ConAgra filed an amended answer. According to ConAgra, on August 16, 2000, it served upon Oak Grove notices to take the depositions of several Oak Grove witnesses during the weeks of September 25 and October 2, 2000.

On September 14, 2000, Oak Grove filed a motion to dismiss its action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). According to Oak Grove, it lacked "readily available funds necessary to cover costs, including essential expert witness fees, to prosecute the claim." (J.A. 104).

On October 17, 2000, the district court[3] granted Oak Grove's motion to dismiss its action without prejudice and imposed no conditions (such as the payment of costs and attorney's fees) on the dismissal. The district court's judgment was entered on the same day. ConAgra appeals. On appeal, ConAgra argues that the district court abused its discretion in two respects. First, ConAgra argues that the district court abused its discretion when it dismissed the action without prejudice. Second, ConAgra argues that the district court abused its discretion when it dismissed the action without imposing any conditions on the dismissal.

After a careful examination of the record, we conclude the district court did not abuse its discretion when it dismissed the action without prejudice and without imposing any conditions on the dismissal. Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

_____

[3]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

- 3 -